UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY A/K/A DEREK MCSMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5363** |
| **KURT D. ENGELHARDT** | **SECTION "C" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(A), (B), and (C) and § 1915(e)(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Background**

The plaintiff, Leroy a/k/a Derek McSmith, filed this *pro se* and *in forma pauperis* civil rights complaint against United States District Judge Kurt D. Engelhardt. McSmith alleges that Judge Engelhardt violated his rights under the Fourteenth Amendment. Under the broad reading afforded *pro se* litigants, McSmith claims that Judge Engelhardt has failed to address his motion for emergency relief submitted in another pending case, in which he seeks relief from eviction proceedings filed against him. McSmith seeks to have his other case and the emergency motion assigned to a different section of court for a hearing and resolution.

The records of the Court reflect that McSmith filed a complaint entitled *Leroy v. Stor-All New Orleans, Inc.*, Civ. Action No. 06-4501, on August 22, 2006, which was randomly assigned to Section "N" of this Court before Judge Engelhardt. In his complaint in that case, under a broad reading, McSmith alleged that the defendant, Stor-All New Orleans, Inc., caused his assets to be removed and seized from a storage unit without proper notice in violation of his Due Process rights and Louisiana statutory requirements.[1]

In tandem with the complaint, McSmith also submitted a pleading entitled "Plaintiff's Emergency Motion for Injunctive Relief Seeking an Ex Parte Ruling."[2] McSmith sought an order allowing him unrestricted access to the storage unit until such time that the defendant complied with state eviction procedures.

On August 28, 2006, Judge Engelhardt denied the motion and dismissed the case without prejudice finding that the Court was without federal question or diversity jurisdiction over the claims raised by McSmith.[3] The case is now closed.

## II.   Standards of Review

Title 28 U.S.C. § 1915(e)(2)(b), requires the Court to *sua sponte* dismiss complaints filed by a plaintiff who is proceeding *in forma pauperis* upon a determination that the complaint is frivolous. 28 U.S.C. §1915(e)(2). This section applies equally to prisoner and non-prisoner pauper cases. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim). The relevant sections of §1915 make

---

[1] Civ. Action No. 06-4501"N"(2), Rec. Doc. No. 3.

[2] Civ. Action No. 06-4501"N"(2), Rec. Doc. No. 9.

[3] Civ. Action No. 06-4501"N"(2), Rec. Doc. No. 8.

no distinction between prisoner and plaintiff and provide only that the court "shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from suit." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Therefore, a review for frivolousness is appropriate in this case.

The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under §1915, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless", a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.     Absolute Judicial Immunity**

McSmith names Judge Engelhardt as the sole defendant in this case in which he seeks an order to have his prior case, Civ. Action No. 06-4501"N"(2), reassigned to another judicial officer for resolution. The plaintiff attempts to invoke this Court's federal question jurisdiction, asserting claims against Judge Engelhardt for the violation of his constitutional rights. The plaintiffs's claims arise, if at all, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action, although not precisely parallel, is the analog to actions brought pursuant to Title 42 U.S.C. § 1983 against state actors, and the standard of review is the same for either type of action. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (*per curiam*). Thus, "federal courts have typically incorporated § 1983 law into *Bivens* actions." *Id*. (citations omitted). Those defenses and considerations applicable to § 1983 cases apply equally in a *Bivens* action. Under these guidelines, McSmith's claims must be dismissed as legally and factually frivolous and for failure to state a claim for which relief can be granted.

As an initial matter, McSmith's claims are factually baseless. The records of this Court show that Judge Engelhardt in fact resolved McSmith's emergency motion on August 28, 2006, before McSmith's present case was filed. McSmith's representation that the motion is still pending was incorrect at the time of the filing of this complaint.

Furthermore, and most significantly, Judge Engelhardt enjoys absolute immunity from suit. Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences she may face. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991). Judges, both federal and state, enjoy absolute judicial immunity for judicial acts performed

in judicial proceedings before them. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335 (1871)); *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Id.*, at 111 (quoting *Stump*, 435 U.S. at 356-57).

In determining whether Judge Engelhardt's actions were within his jurisdiction and judicial in nature, this Court considers four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972). McSmith filed the complaint in Civ. Action No. 06-4501 which was randomly assigned to Judge Engelhardt for review and resolution. Judge Engelhardt acted on the pending case in his role as presiding judge. His actions were well within his jurisdictional powers in addressing McSmith's motion and complaint.

Judge Engelhardt therefore enjoys absolute judicial immunity from suit seeking both monetary and injunctive relief. *See Wightman v. Jones*, 809 F. Supp. 474 (N.D. Tex. 1992) (judicial immunity bars the award of monetary damages and declaratory or injunctive relief against federal judges in a *Bivens* action); *see also Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990).

With regard to injunctive relief, the Federal Courts Improvement Act of 1996 ("FCIA") amended Title 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted

unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983. The FCIA therefore statutorily overruled prior Supreme Court law regarding the availability of injunctive relief against a judicial officer. *See Guerin v. Higgins*, 2001 WL 363486 (2nd Cir. 2001) (unpublished); *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts*, 83 F. Supp.2d 204, 210 (D. Mass. 2000).

As with § 1983 law generally, this legislative restoration of judicial immunity from injunctive relief has been deemed applicable to *Bivens* actions against federal judicial officers. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief); *Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir.2003) (citing *Bolin*, 225 F.3d at 1240-42); *Taylor v. Roberts*, 2006 WL 752764, *1 (E.D. Mich. 2006); *see also Jones v. Newman*, 1999 WL 493429, *7 (S.D.N.Y. 1999); *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997).

McSmith filed this suit seeking injunctive relief in the form of the reassignment of his case to a different judicial officer. Injunctive relief of this sort is not available to McSmith in this action against Judge Engelhardt, who enjoys absolute immunity.

Aside from the immunity doctrine, it is well resolved that the proper avenue for challenging a district judge's actions is to seek review from the appellate court, not a challenge alleging that the presiding judge's actions violated the litigant's constitutional rights. *See Montesano v. New York*, 2006 WL 944285, *4 (S.D.N.Y. Apr. 12, 2006). "Neither damages, injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments." *Montesano*, 2006 WL 944285 at *4.

For the foregoing reasons, McSmith's complaint is both legally and factually frivolous and otherwise fails to state a claim for which relief can be granted. His complaint must be dismissed pursuant to Title 28 U.S.C. § 1915(e)(2)(B).

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Leroy a/k/a Derek McSmith's complaint against United States District Judge Kurt D. Engelhardt be **DISMISSED WITH PREJUDICE** as legally and factually frivolous and otherwise for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 27th day of September, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**